**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 05:13 PM April 9, 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| GARY MITCHELL CARTER, | ) | CASE NO. 15-60719 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

    Gary Mitchell Carter ("Debtor") filed for chapter 13 bankruptcy relief under the United States Bankruptcy Code (the "Code") on April 7, 2015. Exhibit D in Debtor's bankruptcy petition indicates that he has not obtained prepetition credit counseling as required by the Code, but exigent circumstances merit a temporary waiver of the credit counseling requirements. According to Exhibit D, Debtor filed bankruptcy to stop a sale scheduled for April 8, 2015 (presumably for Debtor's residence), and the impending sale created an emergency that prohibited Debtor from having the time necessary to obtain credit counseling.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

    The United States Bankruptcy Code mandates that all debtors obtain credit counseling from an approved source before filing for bankruptcy. 11 U.S.C. § 109(h). However, under §

109(h)(3), a temporary waiver of the credit counseling requirement is available:

> with respect to a debtor who submits to the court a certification that–
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3). All three prongs must be satisfied before a court will grant a debtor a temporary credit counseling waiver. The debtor bears the burden of proof when demonstrating valid exigent circumstances. In re Mitchell, 2009 WL 2877859, at *1 (Bankr. N.D. Ohio 2009); In re Graham, 336 B.R. 292 (Bankr. W.D. Ky. 2005).

Courts are split on whether the impending sale of a debtor's residence is an appropriate exigent circumstance that satisfies element (i). Dixon v. LaBarge (In re Dixon), 338 B.R. 383, 388 (B.A.P. 8th Cir. 2006); In re Black, 2013 WL 6223022 (Bankr. N.D. Ohio 2013); In re Cleaver, 333 B.R. 430, 435 (Bankr. S.D. Ohio 2005). However, the court need not determine if an imminent foreclosure sale is a valid exigent circumstance, as Debtor has failed to satisfy element (ii). Section 109(h)(3)(ii) requires a debtor to outline specific dates and agencies contacted in an attempt to obtain credit counseling. In re Mitchell, 2009 WL 2877859, at *1. However, Debtor makes absolutely no reference to his specific attempts to obtain the required credit counseling. Debtor has failed to satisfy element (ii).

Additionally, under § 109(h)(1), an individual may not be a debtor unless he or she completes credit counseling in the 180 days before filing for bankruptcy relief, unless the court approves a temporary waiver. As outlined above, Debtor has failed to satisfy the elements necessary for a waiver. Therefore, Debtor is ineligible for relief under the Code and his case is hereby **Dismissed**.

An order will be entered simultaneously with this opinion.

#     #     #

**Service List:**

**Gary Mitchell Carter**
14175 Kauffman Avenue
Sterling, OH 44276

**Toby L Rosen**
Toby L Rosen, Trustee

400 W Tuscarawas Street
Charter One Bank Bldg, 4th Floor
Canton, OH 44702